# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN WADE BIGHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 14-539-RAW-KEW |
| | ) |
| ROBERT PATTON, DOC Director, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

On January 14, 2015, the court found that petitioner had filed a mixed habeas corpus petition and denied his motion to hold the action in abeyance, because he had not shown good cause for his one-year delay in initiating a post-conviction action. (Dkt. 9). He was directed to advise the court whether he intended to (1) dismiss this action without prejudice, (2) dismiss his unexhausted claims, or (3) continue the case with both exhausted and unexhausted claims. He has filed a motion to dismiss the petition without prejudice, but he still argues the court should hold this action in abeyance while he completes his post-conviction proceedings. (Dkt. 10).

According to petitioner, he delayed the filing of his post-conviction application based on advice from an attorney with The Innocence Project. The attorney allegedly told him that if he filed anything in his case, the investigation of his conviction would cease. Petitioner subsequently learned from other inmates that he could lose his right to file a federal habeas corpus action if he delayed. He was unaware of the exhaustion requirement and believed he was raising only the claims he had raised on direct appeal. He now concedes that his habeas

petition includes unexhausted claims.

While a district court has discretion to stay a mixed habeas petition to allow the petitioner to present his unexhausted claims to the state court, the petitioner must demonstrate that: (1) good cause exists for his failure to exhaust his claims in the state courts, (2) his unexhausted claims are potentially meritorious, and (3) he has not engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). As discussed in the court's earlier order, however, petitioner has failed to show good cause for his delay in exhaustion.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

*Rhines*, 544 U.S. at 277.

After careful review, the court finds that neither the alleged advice from the Innocence Project attorney, nor petitioner's ignorance of the rules of law, constitutes good cause that would justify stay and abeyance.

**ACCORDINGLY,** petitioner's re-urged request to hold this action in abeyance is DENIED, and his motion to dismiss this action without prejudice to refiling (Dkt. 10) is GRANTED.

**IT IS SO ORDERED** this 20th day of April 2015.

**Dated this 20th day of April, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma